UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TODD CURTISS,

Plaintiff,

v.

ANTHONY ANNUCCI, et al.,

Defendants.

Case # 09-CV-6171-FPG

DECISION AND ORDER

## INTRODUCTION

This lawsuit is about one question: did Defendants administratively add a term of post release supervision ("PRS") to Plaintiff's sentence that was not imposed by the sentencing judge? After eight years of litigation, Defendants move for summary judgment, arguing they are immune from this suit. Plaintiff opposes the motion, and argues that a trial is necessary to resolve disputed issues of fact.

After reviewing the submissions and hearing oral argument, the Court finds that Defendants are indeed immune from this suit, and Defendants' Motion for Summary Judgment is GRANTED.

## DISCUSSION

The general facts of this case are undisputed. On January 10, 2001, Plaintiff Todd Curtiss appeared before Ontario County Court Judge James Harvey. Curtiss was 42 at the time, he was represented by Victor Berger, Esq., and Assistant District Attorney James Ritts prosecuted the case. The parties appeared before the Court to argue motions, but instead, Curtiss wished to avail himself of the People's plea offer, and wished to both plead guilty and to be sentenced on that same day. Curtiss faced two charges: assault in the second degree, and resisting arrest.

The record reveals that Curtiss and Judge Harvey "have been acquainted over the last 25 years, approximately," in part, because Judge Harvey was the prosecutor on some of Curtiss' prior cases. In taking the plea, Judge Harvey told Curtiss that he would receive the mandatory minimum sentence of 5 years to the New York State Department of Corrections ("DOCS"). The following discussion occurred during the plea:

CURTISS: No. What is this? I plead guilty. I have to do the five years. Then I still have parole after I get out on it?

THE COURT: There is this term they use now –

ADA RITTS: Post release supervision.

THE COURT: You do –

CURTISS: Four years, four months.

THE COURT: That's right. Then you would be on –

ADA RITTS: Post release supervision for a couple of years. Three years on a D felony.

CURTISS: Three years.

THE COURT: You are still under their supervision.

CURTISS: I don't want to be going drinking any way.

After taking the plea, the Court was going to impose sentence on Curtiss, but adjourned the matter to the afternoon, because the victim wished to be present. After a brief adjournment, the sentencing commenced. There, the Court stated:

THE COURT: I will give you the minimum mandatory sentence, obviously, Mr. Curtiss on the first count, which is five years as a violent felony offender and a second violent felony offender, with the New York State Department of Corrections, mandated $210 surcharge. You are going to have to pay that. Some of that money will be taken out of your commissary funds' up to 10 percent that you have there. As you know, the rest will be all due and payable within six months of your release to the Probation Department.

The second count is to run sixty days concurrent with the first count. Hopefully if you get off the booze, You can get on the straight and narrow. You are still a fairly young man, I might say. It is unfortunate that we keep seeing you in this capacity. If you stay off the booze, you are a hard working, decent person. But you don't, and then there is your problem.

Although it was discussed during the plea colloquy, the Judge did not mention PRS during the sentencing portion of the proceedings. However, the written sentence and commitment order *does* contain a PRS term of 5 years.

There are two different versions of the sentence and commitment order in the record, and both contain the same information, albeit in slightly different forms. The first version of the form, which has a business record certification from DOCS as being the copy of Curtiss' sentence and commitment order received by, and maintained in, DOCS records, has a handwritten "5Y" in the PRS section of the top of the form. ECF No. 29-2, at 9-10. That document is dated January 10, 2001 (the date of Curtiss' sentencing), and is signed by a Court Assistant on behalf of the Chief Clerk. ECF No. 29-2 at 10. At the bottom of that form, a line for "Corrections – Original" is checked, indicating that this document is the DOCS copy of the sentence and commitment order. *Id.*

The second version of the sentence and commitment order was obtained by Curtiss' attorney in this matter, and his cover letter describes the document as a "copy of the certified Ontario County Clerk's Office Uniform Sentence and Commitment Order" from Curtiss' case. ECF No. 29-2 at 12. The letter also states that "there is nothing marked on the post-release

supervision portion of the Commitment Order." *Id*. However, that statement is only partially correct. While it is true that the top portion of the Order (where the handwritten '5Y' appears in the DOCS version) does not mention PRS, the bottom of the document *does* contain a provision for 5 years of PRS. *See* ECF No. 29-2 at 13. This version of the sentence and commitment order is also dated January 10, 2001, but also bears a stamp of "Ontario County Clerk's Office – Filed – May 8, 2007." *Id.* This version of Curtiss' sentence and commitment order is signed by the same court assistant who signed the version in DOCS records. *Cf*. ECF No. 29-2 at 10, ECF No. 29-2 at 13.

The entire basis of this action is Curtiss' claim that he was administratively subjected to 5 years PRS by DOCS, as opposed to being sentenced to 5 years PRS by the Court, and that an administrative imposition of 5 years PRS by DOCS is illegal.

On the general legal principle, Curtiss is right that DOCS cannot administratively impose 5 years PRS if it was not imposed by the Court. Courts around the Second Circuit have decided many cases to this effect, and this principle of law is well settled. Despite this, cases also make clear that DOCS still administratively imposed PRS on numerous prisoners, and there have been many suits in that regard.

In this case, Defendants have moved for Summary Judgment, and argue they are entitled to either qualified immunity or Quasi-Judicial immunity because they were simply carrying out an Order from the Court – the sentence and commitment order.

Quasi-judicial immunity protects officials who are performing official duties that are comparable to functions for which judges are immune. *Butz v. Economou,* 438 U.S. 478, 512 (1978). Put another way, "Government officials carrying out a facially valid court order are entitled to immunity to suits for damages under § 1983." *Fludd v. Fischer*, No. 10–CV–

6603CJS, 2012 WL 3749652 (W.D.N.Y. Aug. 28, 2012), citing *Roland v. Phillips,* 19 F.3d 552, 556 (11th Cir. 1994) ( "Therefore, law enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action."). As one court explained:

> "Despite potential unfairness to plaintiffs, requiring prison officials to second-guess a court order when questions arise regarding its validity would place prison officials in a dilemma. On the one hand, public officials could face section 1983 liability if an order is later found to be erroneous. On the other hand, Public officials ... who do not act to implement decisions when they are made do not fully and faithfully perform the duties of their office."

*Todd v. Hatin,* No. 2:13cv05, 2013 WL 3990815 (D.Vt. Aug. 5, 2013).

There is no doubt that DOCS is bound by the contents of the sentence and commitment order, and that DOCS officials who carry out court orders are immune from suits based on a claim of enforcing that order. Indeed, neither party disputes this principle of law.

Instead, Curtiss argues that there is an issue of fact as to whether PRS was administratively imposed by DOCS. He further argues that if DOCS imposed the PRS term, then they are not entitled to any form of immunity. In support of his argument, Curtiss points out that the record contains two slightly different versions of the sentence and commitment order, and notes that PRS is not mentioned in the sentencing transcript. He argues that it "is also unclear who or how 5 years post-release supervision was placed in [the sentence and commitment order] when it is contra to what was stated by [ADA] Ritz at the time of the sentencing which is that the defendant would receive three years post-release supervision and this, combined with the fact that the Court was silent as to any type of sentence, demonstrates an issue of fact in Mr. Curtiss' case." ECF No. 30 at 4.

This argument misses the mark. The main problem with Curtiss' argument is that there is nothing in this record that a trier of fact could rely on to find that any of the Defendants were

involved in placing the 5 years PRS notations onto the sentence and commitment order. Indeed, there is nothing in the record at all to establish who wrote "5Y" into the DOCS version of the sentence and commitment order. What the record does contain are two versions of the sentence and commitment order, one of which is a certified record from DOCS, which Plaintiff does not dispute is from DOCS' records. Critically, both versions of sentence and commitment orders in the record do provide for the imposition of 5 years PRS. While Plaintiff could have produced evidence in admissible form to allow a rational jury to draw the conclusion that it was one or more of the Defendants were the ones who imposed PRS and/or added it into the sentence and commitment order, he has produced no such evidence.

The only statement Plaintiff has presented in opposition to Defendants' summary judgment motion is his own affidavit. The most relevant portion of that short affidavit states that:

> "I was never resentenced to post-release supervision. I believe that the post-release supervision that I was under was administratively imposed. I further believe that the 5Y on the original commitment order was not placed by the Court. I am prepared to testify and believe that this matter needs to move forward to trial."

But Plaintiff's beliefs are not enough to create a material issue of fact. If Curtiss' statement instead said that he saw the original sentence and commitment order and it did not have "5Y" on it, or if he said that a DOCS official told him that they added in the "5Y", or if a version of the sentence and commitment order existed that was silent as to PRS, then a material issue of fact would exist. But here, the only evidence in the record establishes that DOCS' version of the sentence and commitment order -- and in fact, every version of the sentence and commitment order in the record – *does* contain a provision for 5 years of PRS. DOCS is entitled

(and indeed, required) to execute that court order, and the DOCS officials who did so are entitled to quasi-judicial immunity.

To the extent that Curtiss argues that his sentence was illegal because the written sentence and commitment order varied from the Judge's oral pronouncement of his sentence, that argument is irrelevant in this proceeding. If Curtiss wished to make that argument, his remedy was to appeal his sentence, or to move the sentencing court to correct his sentence. He cannot argue to DOCS that they should vary from the written sentence and commitment order because it is incorrect or even void. In fact, DOCS has no authority to vary from the written order of the Court, and is required to carry out the facially valid court order.

Curtiss cites cases where DOCS officials were held liable for administrative impositions of PRS or where Courts denied DOCS officials qualified immunity, but they all have one crucial fact that distinguishes them from this case: the judgment and sentence orders in those cases *did not* contain any mention of PRS. *See, e.g., Betances v. Fischer*, 873 F.3d 162, 165 (2d Cir. 2016) ("The sentencing judge failed to include PRS in the sentence he pronounced in court and neither the written judgment nor the written order of commitment indictaed that PRS was to be a part of [the] sentence.").

That is simply not the case here, and that distinction makes all the difference. Since Curtiss' sentence and commitment order contains a provision for 5 years of PRS, absent some evidence upon which a reasonable juror could find that Defendants or DOCS placed that notation onto the sentence and commitment order, they are entitled to, and are required to, execute the Court's sentence and commitment order, and the Defendants are therefore entitled to quasi-judicial immunity.

## CONCLUSION

No genuine issue of material fact exists in this record, and Defendants are entitled to quasi-judicial immunity for carrying out the sentence and commitment order of the court. Defendants' Motion for Summary Judgment (ECF No. 29) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 28, 2017
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court